**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **ROBERT A. WRIGHT**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.:  2018 CV 2298 |
| -vs- | ) | |
| | ) | Judge: |
| **SONY M. ISAAC**, individually and as | ) | |
| An Agent of **C.R. ENGLAND, INC.**, a | ) | Magistrate Judge: |
| Foreign Corporation, | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

Pursuant to *Title 28 U.S.C. § 1441, et seq. and 28 U.S.C. § 1332,* Defendant, **C.R. ENGLAND, INC.**, by and through one of its attorneys, Robert M. Burke of JOHNSON & BELL, LTD., hereby gives notice of the removal of the above captioned action from the Circuit Court of Cook County, Cause No.: 2018 L 002292, to the United States District Court, Northern District of Illinois, Eastern Division, and in support thereof, states the following:

1.      This action is being removed to federal court based upon the diversity of citizenship of the parties to this cause, and the existence of the requisite amount in controversy, as is also more fully set forth below.

2.      On or about March 2, 2018, Plaintiff, Robert A. Wright, initiated the above captioned lawsuit by the filing of a Complaint entitled *Robert A. Wright v. Sony M. Isaac, individually and as an Agent of C.R. England, Inc., and C.R. England, Inc., a Foreign Corporation,* Docket No. 2018 L 002292, in the Circuit Court of Cook County, Illinois.  *A copy of the Complaint at Law is attached hereto as Exhibit "A", and is incorporated herein by reference.*

3.     On or about March 2, 2018, Plaintiff caused a Summons to be issued for service upon the registered agent of C.R. England, Inc.  *A copy of the Summons is attached hereto as Exhibit "B", and incorporated herein by reference.*

4.     Service was obtained on C.R. England, Inc. on March 13, 2018.

5.     The United States District Court for the Northern District of Illinois, Eastern Division, has jurisdiction over the above captioned lawsuit pursuant to 28 U.S.C. §1332 and 28 U.S.C. §1441 for the following reasons:

(a)     Plaintiff, Robert A. Wright, at the time the lawsuit was commenced and at all relevant times, has been a resident and citizen of the State of Illinois;

(b)     Defendant, Sony M. Isaac, has at all relevant times, been a resident and citizen of the state of Florida;

(c)     Defendant, C.R. England, Inc., at all relevant times, has been a Utah corporation with its principal place of business in the state of Utah; therefore, for diversity of citizenship purposes, it is a citizen of the State of Utah;

(d)     According to the allegations contained in Plaintiff's Complaint herein, the damages sought in this action by Plaintiff is an amount in excess of the Court's minimal jurisdictional limit of $50,000.00.  Plaintiff, Robert A. Wright, claims to have suffered serious and permanent injuries, allegedly was required to seek extensive medical consultation and treatment, has allegedly expended great sums of money to be cured of his maladies and will in the future expend great sums of money to be cured of his maladies, and has and will in the future suffer great pain, anguish, and physical and mental suffering.  (See Ex. A). Such allegations are sufficient to trigger the duty to remove the case. *McCoy v. General Motors Corp.*, 226 F. Supp. 2d 939 (N.D. Ill. 2002*); Varkalis v. Werner Co. & Lowe's Home Center*, 2010 U.S. Dist. LEXIS 84870 (N.D. Ill. 2010*)*, a copy of which decision is attached hereto as Exhibit "C";

(e)     Based upon the foregoing, it is Defendant's good faith belief that while liability, causation, and damages will be contested, the amount in controversy in this action exceeds $75,000.00, exclusive of interest and costs;

(f)     The file for the Circuit Court of Cook County, Illinois shows that no summons has been issued to and no service has been obtained on Sony M. Isaac;

2

(g)     This Notice of Removal is being filed with the Clerk of the United States District Court for the Northern District, Eastern Division, within thirty (30) days of service of the Summons and Complaint on this Defendant;

(h)     This action, based upon diversity of citizenship and the amount in controversy is, therefore, properly removable, pursuant to *28 U.S.C. §1441(a).*

6.     Defendant will promptly file a copy of this Notice of Removal with the Clerk of the Circuit Court of Cook County, Illinois.

**WHEREFORE,** Defendant, **C.R. ENGLAND, INC.**, respectfully requests that this case proceed before this Court as an action properly removed.

Respectfully submitted,

JOHNSON & BELL, LTD.

By:     /s/Robert M. Burke
        One of the Attorneys for the Defendant,
        C.R. England, Inc.

Robert M. Burke, #6187403
JOHNSON & BELL, LTD.
Attorneys for Defendants
33 West Monroe Street
Suite 2700
Chicago, Illinois 60603
Telephone: (312) 372-0770

3

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION,

ROBERT A. WRIGHT,

                Plaintiff,

        vs.

SONY M. ISAAC, individually and as
an Agent of C.R. ENGLAND, INC.,
and C.R. ENGLAND, INC., a Foreign
Corporation

                Defendants.

No: _____

2018L002292
CALENDAR/ROOM B
TIME 00:00

### COMPLAINT AT LAW

*COUNT I: Robert A. Wright v. Sony M. Isaac - I Motor Vehicle Negligence*

NOW COMES the Plaintiff, **ROBERT A. WRIGHT**, by attorneys, **ANKIN LAW OFFICE LLC**, and complaining of the Defendant, **SONY M. ISAAC**, (hereinafter referred to as **"ISAAC"**), states as follows:

    1.      On and prior to 10/26/2016, the intersection of Elmhurst Road and Higgins Road was a public roadway in the City of Elk Grove Village, County of Cook, State of Illinois.

    2.      On or about 10/26/2016, Plaintiff, **ROBERT A. WRIGHT**, was operating a 2002 Ford Explorer at or near the intersection of Elmhurst Road and Higgins Road in the City of Elk Grove Village, County of Cook, State of Illinois.

    3.      At the aforesaid time and place, Defendant, **ISAAC**, was operating a 2016 WesternStar Tractor with license plate number 2344057 at or near the intersection of Elmhurst Road and Higgins Road in the City of Elk Grove Village, County of Cook, State of Illinois.

    4.      At the aforesaid time and place, Defendant, **ISAAC**, owed Plaintiff and others lawfully on the roads a duty to operate a motor vehicle safely and to exercise ordinary care so as

1



to not negligently cause injury to those persons lawfully on the roadway to include Plaintiff

herein, **ROBERT A. WRIGHT**.

      5.     At the aforesaid time and place, Defendant, **ISAAC**, while attempting to turn left

at or near the intersection of Elmhurst Road and Higgins Road, failed to reduce his speed and

yield to Plaintiff, **ROBERT A. WRIGHT**, and proceeded to drive his automobile into the

automobile being driven by Plaintiff, **ROBERT A. WRIGHT**.

      6.     At the aforesaid time there was in full force and effect the following Illinois

Compiled Statute, 625 ILCS 5/11 – 601(a):

> "No vehicle may be driven upon any highway of this State at a speed which is
> greater than is reasonable and proper with regard to the traffic conditions and the
> use of the highway, or endangers the safety of any person or property. The fact
> that the speed of a vehicle does not exceed the applicable maximum speed limit
> does not relieve the driver from the duty to decrease speed when approaching and
> crossing an intersection, when approaching and going around a curve, when
> approaching a hill crest, when traveling upon any narrow or winding roadway, or
> when special hazard exists with respect to pedestrians or other traffic or by reason
> of weather or highway conditions. Speed must be decreased as may be necessary
> to avoid colliding with any person or vehicle on or entering the highway in
> compliance with legal requirements and the duty of all persons to use due care."

      7.     At the aforesaid time there was in full force and effect the following Illinois

Compiled Statute, 625 ILCS 5/11 – 306(a)(1):

> "Vehicular traffic facing a circular green signal may proceed straight through or
> turn right or left unless a sign at such place prohibits either such turn. Vehicular
> traffic, including vehicles turning right or left, shall yield the right of way to other
> vehicles and to pedestrians lawfully within the intersection or an adjacent
> crosswalk at the time such signal is exhibited."

      8.     At the aforesaid time there was in full force and effect the following Illinois

Compiled Statute, 625 ILCS 5/11 – 902:

> "Vehicle turning left. The driver of a vehicle intending to turn to the left within an
> intersection or into an alley, private road, or driveway shall yield the right-of-way
> to any vehicle approaching from the opposite direction which is so close as to
> constitute an immediate hazard, but said driver, having so yielded may proceed at
> such time as a safe interval occurs."

2

9.      At the aforesaid time there was in full force and effect the following Illinois

Compiled Statute, 625 ILCS 5/11 – 804(a):

> "No person may turn a vehicle at an intersection unless the vehicle is in proper position
> upon the roadway as required in Section 11-801 or turn a vehicle to enter a private road
> or driveway, or otherwise turn a vehicle from a direct course or move right or left upon a
> roadway unless and until such movement can be made with reasonable safety. No person
> may so turn any vehicle without giving an appropriate signal in the manner hereinafter
> provided."

10.     In breach of his duty of care, Defendant, **ISAAC**, was guilty of one or more of the

following negligent acts and/or omissions:

(a)     operated, maintained and controlled his motor vehicle without keeping a
        sufficient look-out ahead for vehicles and persons on the roadway;

(b)     operated, maintained and controlled his motor vehicle in violation of 625 ILCS
        5/11 – 601(a);

(c)     operated, maintained and controlled his motor vehicle in violation of 625 ILCS
        5/11 – 306(a)(1);

(d)     operated, maintained and controlled his motor vehicle in violation of 625 ILCS
        5/11 – 902;

(e)     operated, maintained and controlled his motor vehicle in violation of 625 ILCS
        5/11 – 804(a);

(f)     failed to ensure the intersection of Elmhurst Road and Higgins Road was clear of
        vehicular traffic prior to initiating his left turn;

(g)     failed to yield to the right of way to vehicles traveling in the opposing lane of the
        intersection before making a left hand turn;

(h)     failed to keep his automobile under control at all times;

(i)     failed to slow or stop his automobile to avoid colliding with the automobile being
        driven by, Plaintiff, **ROBERT A. WRIGHT**;

(j)     was otherwise careless and negligent.

11.     As a direct and proximate result of one or more of the foregoing negligent acts or

3

omissions of Defendant, **ISAAC**, Plaintiff, **ROBERT.A. WRIGHT**, sustained serious and

permanent injuries; was required to seek extensive medical consultation and treatment; has

expended, and will in the future expend, great sums of money to be healed and cured of her

maladies; suffered, and will in the future continue to suffer, great pain, anguish and physical and

mental suffering; and was deprived of earnings to which she might have otherwise been entitled.

WHEREFORE, Plaintiff, **ROBERT A. WRIGHT**, prays for judgment against

Defendant, **SONY M. ISAAC**, in such an amount in excess of this Court's jurisdictional

requisite as will fairly and adequately compensate Plaintiff for his injuries, losses and damages

as herein above alleged, costs of suit, and any further relief which this Honorable Court finds fair

and just.

*Count II: Robert A. Wright v. C.R. England, Inc.*
*Negligence*

NOW COMES the Plaintiff, **ROBERT A. WRIGHT**, by attorneys, **ANKIN LAW**

**OFFICE LLC**, and complaining of the Defendant, **C.R. ENGLAND, INC.**, (hereinafter

referred to as **"C.R. ENGLAND"**), states as follows:

1.    On and prior to 10/26/2016, the intersection of Elmhurst Road and Higgins Road

was a public roadway in the City of Elk Grove Village, County of Cook, State of Illinois.

2.    On or about 10/26/2016, **C.R. ENGLAND** was a Foreign Corporation in Utah in

good standing with the Secretary of State of Utah.

3.    On or about 10/26/2016, the Defendant, **C.R. ENGLAND**, was the owner of a

2016 WesternStar Tractor with license plate number 2344057.

4

4.      On or about 10/26/2016, at about 4:00 p.m., Plaintiff, **ROBERT A. WRIGHT**, was operating a 2002 Ford Explorer at or near the intersection of Elmhurst Road and Higgins Road in the City of Elk Grove Village, County of Cook, State of Illinois.

5.      On or about 10/26/2016, the Defendant, **C.R. ENGLAND**, loaned, rented, allowed and/or gave permission to Co-Defendant, **ISAAC,** to drive the aforementioned 2016 WesternStar Tractor owned by Defendant, **C.R. ENGLAND**.

6.      At the aforesaid time and place at about 4:00 p.m., Co-Defendant, **ISAAC** was an agent, representative, sérvant and/or individual authorized to operate a 2016 WesternStar Tractor by Defendant, **C.R. ENGLAND**.

7.      At the aforesaid time and place at about 4:00 p.m., Defendant, **C.R. ENGLAND**, by and through their agent, representative, servant and/or authorized individual was operating the aforementioned 2016 WesternStar Tractor at or near the intersection of Elmhurst Road and Higgins Road in the City of Elk Grove Village, County of Cook, State of Illinois.

8.      At the aforesaid time and place Defendant, **C.R. ENGLAND,** by and through their agent, representative, servant and/or authorized individual had a duty to operate the aforementioned 2016 WesternStar Tractor safely and to exercise ordinary care so as to not negligently cause injury to those persons lawfully on the roadway to include Plaintiff herein, **ROBERT A. WRIGHT**.

9.      At the aforesaid time and place, Defendant, **C.R. ENGLAND,** by and through their agent, representative, servant and/or authorized individual, while attempting to turn left at or near the intersection of Elmhurst Road and Higgins Road, failed to reduce their speed and yield to Plaintiff, **ROBERT A. WRIGHT**, and proceeded to drive their automobile into the automobile being driven by Plaintiff, **ROBERT A. WRIGHT**.

5

10. At the aforesaid time there was in full force and effect the following Illinois Compiled Statute, 625 ILCS 5/11 – 601(a):

"No vehicle may be driven upon any highway of this State at a speed which is greater than is reasonable and proper with regard to the traffic conditions and the use of the highway, or endangers the safety of any person or property. The fact that the speed of a vehicle does not exceed the applicable maximum speed limit does not relieve the driver from the duty to decrease speed when approaching and crossing an intersection, when approaching and going around a curve, when approaching a hill crest, when traveling upon any narrow or winding roadway, or when special hazard exists with respect to pedestrians or other traffic or by reason of weather or highway conditions. Speed must be decreased as may be necessary to avoid colliding with any person or vehicle on or entering the highway in compliance with legal requirements and the duty of all persons to use due care."

11. At the aforesaid time there was in full force and effect the following Illinois Compiled Statute, 625 ILCS 5/11 – 306(a)(1):

"Vehicular traffic facing a circular green signal may proceed straight through or turn right or left unless a sign at such place prohibits either such turn. Vehicular traffic, including vehicles turning right or left, shall yield the right of way to other vehicles and to pedestrians lawfully within the intersection or an adjacent crosswalk at the time such signal is exhibited."

12. At the aforesaid time there was in full force and effect the following Illinois Compiled Statute, 625 ILCS 5/11 – 902:

"Vehicle turning left. The driver of a vehicle intending to turn to the left within an intersection or into an alley, private road, or driveway shall yield the right-of-way to any vehicle approaching from the opposite direction which is so close as to constitute an immediate hazard, but said driver, having so yielded may proceed at such time as a safe interval occurs."



13. At the aforesaid time there was in full force and effect the following Illinois Compiled Statute, 625 ILCS 5/11 – 804(a):

"No person may turn a vehicle at an intersection unless the vehicle is in proper position upon the roadway as required in Section 11-801 or turn a vehicle to enter a private road or driveway, or otherwise turn a vehicle from a direct course or move right or left upon a roadway unless and until such movement can be made with reasonable safety. No person may so turn any vehicle without giving an appropriate signal in the manner hereinafter provided."

14.     In breach of its duty of care, Defendant, **C.R. ENGLAND**, by and through their agent, representative, servant and/or authorized individual was guilty of one or more of the following negligent acts and/or omissions and/or statutory violations:

(a)     operated, maintained and controlled their motor vehicle without keeping a sufficient look-out ahead for vehicles and persons on the roadway;

(b)     operated, maintained and controlled their motor vehicle in violation of 625 ILCS 5/11 – 601(a);

(c)     operated, maintained and controlled their motor vehicle in violation of 625 ILCS 5/11 – 306(a)(1);

(d)     operated, maintained and controlled their motor vehicle in violation of 625 ILCS 5/11 – 902;

(e)     operated, maintained and controlled their motor vehicle in violation of 625 ILCS 5/11 – 804(a);

(f)     failed to ensure the intersection of Elmhurst Road and Higgins Road was clear of vehicular traffic prior to initiating his left turn;

(g)     failed to yield to the right of way to vehicles traveling in the opposing lane of the intersection before making a left hand turn;

(h)     failed to keep their automobile under control at all times;

(i)     failed to slow or stop his automobile to avoid colliding with the automobile being driven by, Plaintiff, **ROBERT A. WRIGHT**;

(j)     was otherwise careless and negligent.

15.     As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions and/or statutory violations of the agent, representative, servant and/or authorized individual of the Defendant, **C.R. ENGLAND**, the Plaintiff, **ROBERT A. WRIGHT**, sustained serious and permanent injuries; was required to seek extensive medical consultation and treatment; has expended, and will in the future expend, great sums of money to

7

be healed and cured of her maladies; suffered, and will in the future continue to suffer, great

pain, anguish and physical and mental suffering.

WHEREFORE, Plaintiff, **ROBERT A. WRIGHT,** prays for judgment against

Defendant, **C.R. ENGLAND, INC.,** in such an amount in excess of this Court's jurisdictional

requisite as will fairly and adequately compensate Plaintiff for injuries, losses and damages as

herein above alleged, costs of suit, and any further relief which this Honorable Court finds fair

and just.

**ROBERT A. WRIGHT**, Plaintiff

Attorney for Plaintiff

**Attorney #35193**
**Ankin Law Office LLC**
**10 N Dearborn Suite 500**
**Chicago, Illinois 60602**
**312.346.8780**
**telly@ankinlaw.com**

8

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION,

ROBERT A. WRIGHT,

               **Plaintiff,**

        vs.

SONY M. ISAAC, individually and as
an Agent of C.R. ENGLAND, INC.,
and C.R. ENGLAND, INC., a Foreign
Corporation

               **Defendants.**

No: _____

### RULE 222(B) AFFIDAVIT

    I, TELLY J. LIAPIS, being first duly sworn on oath, depose and state that the amount of

damages sought in the above-captioned cause of action exceeds $ 50,000.00 for Plaintiff.

                    By: _____

                         Attorney for Plaintiff

Attorney #35193
Ankin Law Office LLC
10 N Dearborn Suite 500
Chicago, Illinois 60602
312.346.8780
telly@ankinlaw.com

9

| | | |
|---|---|---|
| 2120 - Served | 2121 - Served | |
| 2220 - Not Served | 2221 - Not Served | |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| SUMMONS | ALIAS - SUMMONS | (2/28/11) CCG N001 |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, _____LAW_____ DIVISION

No. **18L002292**

C T Corporation System as Agent of C.R. England, Inc.

208 South LaSalle Street, Suite 814

Chicago, IL 60604

ROBERT A. WRIGHT

**(Name all parties)**

v.

SONY M. ISAAC, Individually and as Agent of C.R. ENGLAND, INC., and C.R. ENGLAND, INC., a Foreign Corporation

### ◉ SUMMONS ○ ALIAS SUMMONS

**To each Defendant:**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

◉ Richard J. Daley Center, 50 W. Washington, Room ___801___, Chicago, Illinois 60602

○ **District 2 - Skokie**
5600 Old Orchard Rd.
Skokie, IL 60077

○ **District 3 - Rolling Meadows**
2121 Euclid
Rolling Meadows, IL 60008

○ **District 4 - Maywood**
1500 Maybrook Ave.
Maywood, IL 60153

○ **District 5 - Bridgeview**
10220 S. 76th Ave.
Bridgeview, IL 60455

○ **District 6 - Markham**
16501 S. Kedzie Pkwy.
Markham, IL 60428

○ **Child Support**
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

**To the officer:**

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. **This Summons may not be served later than 30 days after its date.**

Atty. No.: 35193

Name: ANKIN LAW OFFICE, LLC

Atty. for: PLAINTIFF

Address: 10 N. Dearborn, Suite 500

City/State/Zip: CHICAGO, IL 60602

Telephone: 312.346.8780

Service by Facsimile Transmission will be accepted at: _____

WITNESS, _____**MAR 0 2 2018**_____

**DOROTHY BROWN**
CLERK OF CIRCUIT COURT

_____
Clerk of Court

Date of service: _____
(To be inserted by officer on copy left with defendant or other person)

_____
(Area Code) (Facsimile Telephone Number)

**EXHIBIT B**

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**



DIE DATE
03/26/2018

**DOC.TYPE:** LAW
**CASE NUMBER:** 18L002292
<u>**DEFENDANT**</u>
C R ENGLAND INC
208 S LASALLE ST
CHICAGO, IL 60604
ATE 814

SERVICE INF
RM 801 C T (

ATTACHED